IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD MURRAY, III,** *et al.*, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **HOLIDAY ISLE, LLC,** ) <br> Defendant. ) | CIVIL ACTION 07-0771-WS-M |

| | |
|---|---|
| **CHARLES D. STEINAU,** *et al.*, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **HOLIDAY ISLE, LLC,** ) <br> Defendant. ) | CIVIL ACTION 07-0409-B |

**ORDER**

These matters come before the Court on the Motion to Consolidate to Confirm Arbitration Award filed by Charles D. Steinau and Donna M. Steinau, who are the plaintiffs in Civil Action 07-0409-B (where the Motion is docketed as doc. 34), seeking to consolidate that action with Civil Action 07-0771-WS-M (where the Motion is docketed as doc. 151).

As the Court understands it, the circumstances prompting the Steinaus to seek consolidation of these two actions are as follows: (i) Both the Steinaus and the plaintiffs in Civil Action 07-0771-WS-M (the "*Murray* Plaintiffs") brought the same or similar claims against Holiday Isle, LLC, relating to their purchase of condominium units from Holiday Isle; (ii) both the Steinaus and the *Murray* Plaintiffs participated in consolidated arbitration proceedings against Holiday Isle, styled *Arthur Drago et al. v. Holiday Isle, et al.*; (iii) a final arbitration award in favor of the Steinaus and the *Murray* Plaintiffs was entered on September 2, 2009; and (iv) both the Steinaus and the *Murray* Plaintiffs wish to place "under one judicial roof" certain otherwise-disparate anticipated or possible proceedings relative to the confirmation, modification or vacatur of the award in the *Drago* arbitration proceedings.

On September 8, 2009, the undersigned entered an Order (doc. 155) requiring any party opposing the Motion to Consolidate to file a response, supported by legal authority as appropriate, on or before September 17, 2009. To date, no opposition papers have been filed; therefore, the Court assumes that the Motion is unopposed.

Pursuant to Rule 42(a), Fed.R.Civ.P., a district court has authority to order consolidation "[w]hen actions involving a common question of law or fact are pending before the court." *Id.* The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it"). Ultimately, district courts in this Circuit have been "encouraged ... to make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix*, 776 F.2d at 1495 (citation and internal quotation marks omitted).

Review of the Motion to Consolidate, and other relevant portions of the court file in both cases, lends strong support to a conclusion that consolidation is appropriate here, pursuant to Rule 42(a). The only remaining issues to be decided in both *Steinau* and *Murray* concern whether the September 2 arbitration award will be confirmed, modified or vacated. Based on considerations of efficiency, judicial economy, the risk of inconsistent rulings on common legal questions, the burden on the parties and the court, and the relative expense of proceeding separately versus together, the consolidation of these actions would plainly expedite these proceedings and eliminate unnecessary repetition and confusion. Simply stated, it would be far more sensible and efficient to litigate any attempts to confirm, modify or vacate the *Drago*

arbitration award in a single judicial proceeding before a single judge than to multiply those same matters across multiple actions before multiple judges.

For all of the foregoing reasons, the Court exercises its discretion in favor of **consolidating** these actions, pursuant to Rule 42(a), Fed.R.Civ.P. The Motion to Consolidate is **granted**. To effectuate consolidation, the Clerk of Court is hereby **directed** to extract documents 1 through 35 from Civil Action No. 07-0409-B and to make those documents a part of the court file in Civil Action No. 07-0771-WS-M. Furthermore, the Court finds that there is no present reason to maintain Civil Action No. 07-0409-B as an open file. Therefore, the Clerk is **directed** to submit a JS-6 to the Administrative Office which indicates that this file is statistically closed and thus removed from the pending docket of this Court. The Clerk shall thereafter maintain that file as a closed file. To avoid any confusion, and given that 07-0409 will henceforth be a closed file that has been swallowed whole by 07-0771, the parties are **ordered** not to include the caption of 07-0409 in any future filings in this action and not to file any pleadings directly in 07-0409. Rather, all future filings in these consolidated proceedings should be made exclusively in 07-0771.

DONE and ORDERED this 28th day of September, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE